UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN CAVANAUGH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    No. 2:24-cv-00455-JAW |
| | ) |
| SLOAN SERVICING/NELNET, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Based on the filings in this case, the court concludes that the pro se plaintiff failed to properly serve the defendant with a copy of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), and therefore, the clerk's entry of default against the unserved defendant was improper. The court therefore grants the defendant's motion to set aside the entry of default and dismisses as moot the plaintiff's pending motion for default judgment. Even though the defendant filed a premature answer while still in default, the court has elected to treat the answer as properly filed, rather than create unnecessary busywork by striking the answer and ordering it be refiled.

**I.     PROCEDURAL HISTORY**

On December 27, 2024, John Cavanaugh filed a complaint against Sloan Servicing, as also known as Nelnet (Sloan), alleging a violation of the Fair Credit Reporting Act (FCRA). *Compl. in a Civ. Case* at 3 (ECF No. 1) (*Compl.*). A summons was issued on January 3, 2025 and, according to a United States Postal Service Domestic Return Receipt, was served on Sloan on January 8, 2025. *Summons in a*

*Civ. Action* (ECF No. 6) (*Summons*); *Proof of Service* at 4 (ECF No. 7). On February 3, 2025, Mr. Cavanaugh moved for entry of default. *Mot. for Default J.* (ECF No. 8). The Clerk of Court entered default against Sloan that same day. *Order Granting Mot. for Default J.* (ECF No. 9).

On February 4, 2025, Mr. Cavanaugh moved for an entry of default judgment. *Mot. for Entry of Default J.* (ECF No. 10) (*Pl.'s Mot.*). However, on February 14, 2025, while the Plaintiff's motion for entry of default judgment remained pending, Sloan entered a notice of appearance, filed an answer to the complaint, moved the Court to set aside its entry of default, and responded in opposition to the motion for entry of default judgment. *Notice of Appearance* (ECF No. 11); *Def.'s Answer to Pl.'s Compl.* (ECF No. 12) (*Answer*); *Def.'s Opp'n to Mot. for Entry of Default J. and Req. to Set Aside Pl.'s Mot. for Entry of Default J.* (ECF No. 13) (*Def.'s Opp'n*).[1] Mr. Cavanaugh filed a motion to keep the motion of default judgment on February 26, 2025, which the Court construes as a reply to the Defendant's opposition to his motion for entry of default. *Mot. to Keep Mot. for Default J.* (ECF No. 14) (*Pl.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. The Plaintiff's Motion for Entry of Default Judgment

Mr. Cavanaugh's motion urges the Court to enter default judgment against Sloan pursuant to Federal Rule of Civil Procedure 55(b). *Pl.'s Mot.* at 1. The Plaintiff

---

[1] Throughout its opposition, the Defendant repeatedly asks the Court to dismiss the Plaintiff's motion for entry of default judgment and further "set aside [the] entry of default judgment for 'good cause.'" *See, e.g., Def.'s Opp'n* at 1. The Court construes this as a request that, first, the Court conclude there is good cause sufficient to justify setting aside its prior entry of default (ECF No. 9) pursuant to Rule 55(c) and, second, that the Court dismiss the Plaintiff's pending motion for entry of default judgment (ECF No. 10).

explains the Defendant's answer was due on January 29, 2025, but "[n]o response was served within time allowed by law," and "[t]he defendant has not sought additional time." *Id.* (capitalization altered by Court).

B.  **The Defendant's Opposition**

Sloan opposes the Plaintiff's motion for entry of default judgment and additionally requests the Court "set aside" its previous entry of default. *Def.'s Opp'n* at 1. Sloan asserts good cause for its failure to not respond by January 29, 2025, emphasizing "Defendant's counsel only recently received notice of this matter," and "Defendant rightfully believe[s] that it had not been properly served, as the Defendant was only served with the summons, not the complaint and was unable to answer." *Id.* at 1. Further, Sloan posits that it "has a meritorious defense to Plaintiff's Complaint that will not be heard if Plaintiff's motion is granted" and neither party will be prejudiced by dismissing the motion for entry of default judgment. *Id.* at 2.

In a memorandum of law attached to the opposition, Sloan explains that it "opposes and requests that this honorable Court set aside Plaintiff's Motion for Default Judgment as moot as Defendant has now entered its notice of appearance and additionally has good cause for its failure to [timely] answer the complaint." *Id.*, Attach. 1, *Def.'s Mem. of Law in Opp'n to Mot. for Entry of Defaul[t] Judgment and Req. to Set Aside Pl.'s Mot. for Entry of Default J.* at 1 (*Def.'s Opp'n Mem.*). It argues that Federal Rule of Civil Procedure 55(c) allows for a court to set aside an entry of default judgment for "good cause," and urges the Court to take that approach here,

3

as it was not served with the complaint as Federal Rule of Civil Procedure 4(c)(1) requires. *Id.* at 1-2 (citing FED. R. CIV. P. 4(c)(1)). Given this issue with service, Sloan argues "Plaintiff's motion for default is not ripe." *Id.* at 2.

Next, Sloan argues its answer and its counsel's entry of appearance have rendered the Plaintiff's motion for entry of default judgment moot. *Id.* Sloan asserts that in order to avoid default, the Defendant must show not merely "some presentation or submission to the court," but an indication to the moving party of "a clear purpose to defend the suit," which it argues is established by its answer and this opposition. *Id.* (quoting *Key Bank of Me. v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996) (citation corrected)).

At bottom, Sloan urges the Court to set aside the prior entry of default and dismiss Mr. Cavanaugh's motion for entry of default judgment as moot in order to allow the Defendant to defend this suit on the merits. *Id.* at 3.

### C. The Plaintiff's Reply

Mr. Cavanaugh replies that the Court should grant his motion because the Defendant filed a late appearance "with accusations that don't make sense and harm this individual," and insists that he "did serve the Defendant properly and did attach the complaint to the summons with the agent of process." *Pl.'s Reply* at 1-2 (capitalization altered by Court).

### III.    DISCUSSION

Once a default has entered, a litigant filing a late answer must move to set aside the entry of default and show good cause for failing to file a timely answer. *See*

4

FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause"). "Unlike the more stringent standard of 'excusable neglect' applied to a motion for relief from *final* judgments pursuant to Federal Rule of Civil Procedure 60(b), the 'good cause' criterion applied to motions to set aside entries of default is more liberal, setting forth a lower threshold for relief." *Snyder v. Talbot*, 836 F. Supp. 26, 28 (D. Me. 1993) (citations omitted) (emphasis in original).

Here, the Court is persuaded that Sloan has established good cause for filing an untimely response to the complaint and is persuaded to set aside the prior entry of default. Although the Plaintiff rejects Sloan's assertion that it was not properly served, the Court notes that, when Mr. Cavanaugh filed the summons, he expressly said that he served the summons but made no mention of serving the complaint. *See Summons*; *Proof of Service* at 1 ("I SERVED THE SUMMONS TO THE AGENT OF SERVICE REGISTERED FOR THIS CORPORATION AND DOING BUSINESS IN THE STATE OF MAINE VERIFIED WITH SECRETARY OF STATE AND CALLED THEM") (capitalization in original). On balance, despite Mr. Cavanaugh's current contention that he served both the summons and complaint, the Court accepts Mr. Cavanaugh's then contemporaneous statement of what he served on Sloan as the best evidence of what he actually served.

Failing to serve the complaint clearly constitutes insufficient service of process. "Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of

suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Fannie Mae v. Andry*, No. 2:19-cv-00065-JAW, 2019 U.S. Dist. LEXIS 221006, at *1-2 (D. Me. Dec. 26, 2019) (citing, inter alia, FED. R. CIV. P. 4(e)(2)). Independent of the method, it is black-letter law that service must include the summons and the complaint. Indeed, "[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process." *Jardines Bacata, Ltd. v. Diaz-Marquez*, 878 F.2d 1555, 1559 (1st Cir. 1989). While district courts are required to construe pro se pleadings liberally, *Sanchez v. Brown Univ.*, No. 23-1983, 2024 U.S. App. LEXIS 15530, at *1 (1st Cir. June 11, 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), a litigant's pro se status "does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). The Court concludes the Defendant has shown good cause for failing to timely file its answer because no answer was due until Sloan had been properly served, and the Court sets aside the previous entry of default.

    Having set aside the entry of default, the Court also dismisses the Defendant's pending motion for entry of default judgment as moot. *See* FED. R. CIV. P. 55(a), (b). It is elemental that a court generally may only enter default judgment if it "has jurisdiction over the subject matter and the parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party has fair notice of its opportunity to object." *Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc. (In re The Home Rests., Inc.)*, 285 F.3d 111, 114 (1st Cir. 2002). As noted, "[i]n the

ordinary course, the district court acquires jurisdiction over a defendant only by service of process," *Jardines Bacata, Ltd.*, 878 F.2d at 1559, and "a default judgment that inevitably would be set aside should not be entered in the first place." *Elektra Entm't Group, Inc. v. Carter*, 618 F. Supp. 2d 89, 92 (D. Me. 2009) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685, at 40-41 (3d ed. 1998)); *accord M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 364 (1st Cir. 2004) ("[A] default judgment issued without jurisdiction over a defendant is void . . . [and] remains vulnerable to being vacated at any time").

One further wrinkle is raised here.  When Sloan filed its answer to the complaint on February 14, 2025, it was a defaulted party, *see Order*, and thus lacked standing to file the answer.  *See Empower Energy Solutions v. Solar Wolf Energy*, Civ. Action No. 4:21-40044-TSH, 2022 U.S. Dist. LEXIS 45177, at *8 (D. Mass. Jan. 3, 2022) ("Before a defendant in default may file an answer to the complaint . . . the default must be set aside") (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1972) (a party in default 'has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing"); *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 728 (E.D. Mich. 2010) ("A party in default may not plead [or] otherwise proceed until the default is set aside")).  In *Empower Energy Solutions*, the District of Massachusetts held that it could not consider a defendant's answer, filed while the defendant was a defaulted party, "for any purpose" because the defendant lacked standing when it made the filing.  *Id.*  It thus

7

ordered the answer stricken from the docket and invited the defendant to refile the answer after the Court issued an order setting aside the entry of default based on insufficient service of process. *Id.* at \*7-8.

Given that the Clerk entered default against Sloan on February 3, 2025, and Sloan filed an answer on February 14, 2025, the Court has considered whether it should follow the logic of the District of Massachusetts, striking Sloan's answer and inviting it to refile the same answer after the Court issued this order setting aside the entry of default. However, by the Court's logic, this approach would create unnecessary busywork without changing the result. Being of a practical bent of mind, the Court concludes it will treat the answer as properly, if prematurely, filed.

## IV. CONCLUSION

The Court SETS ASIDE Order Granting Motion for Entry of Default (ECF No. 9) and DISMISSES as moot Plaintiff's Motion for Default Judgment (ECF No. 10).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2025